IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND COOPERATION FUNDS,<br><br>    Plaintiffs,<br><br>  v.<br><br>DAVID ALLARD PAINTING COMPANY, a dissolved Illinois corporation; and DAVID ALLARD, Individually and d/b/a DAVID ALLARD PAINTING COMPANY,<br><br>    Defendant. | FILED<br>MARCH 13, 2008   TC<br>JUDGE CASTILLO<br>MAGISTRATE JUDGE ASHMAN<br><br>No.<br><br>Judge |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendant, **DAVID ALLARD PAINTING COMPANY, INC., a dissolved Illinois corporation; and DAVID ALLARD, Individually and d/b/a DAVID ALLARD PAINTING COMPANY,** as follows:

### COUNT I

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

## The Parties

3. The Plaintiffs are the Trustees of the Chicago Painters and Decorators Pension, Welfare, Savings, Apprenticeship, Scholarship and Cooperation Funds ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

4. The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. (A) The **DAVID ALLLARD PAINTING COMPANY**, an Illinois corporation, by and through its officer, DAVID ALLARD, an Illinois corporation, was an employer engaged in an industry affecting commerce which on or about **September 6, 2000** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **DAVID ALLARD PAINTING COMPANY** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the agreement is attached as Exhibit "1."

(B) On or about July 1, 2005, the State of Illinois, Secretary of State, involuntarily dissolved **DAVID ALLARD PAINTING COMPANY**. Defendant **DAVID ALLARD**, as the president knew or should have known that the corporation had been dissolved. Despite the dissolution, **DAVID ALLARD,** continued to operate **DAVID ALLARD PAINTING COMPANY** as a putative corporation, by employing individuals to perform work within the jurisdiction of the Union, by paying them wages at the contract rate, but by failing to pay all of their fringe benefit fund contributions. As such, Defendant **DAVID ALLARD** is personally liable for the contributions that should have been made by **DAVID ALLARD PAINTING COMPANY** for all periods of time from July 1, 2005 through the present. **DAVID ALLARD** is an individual who resides within this Court's jurisdiction.

### The Agreements

7. Pursuant to the provisions of the Labor Agreement, **DAVID ALLARD** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **DAVID ALLARD** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **DAVID ALLARD** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **DAVID ALLARD** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require

**DAVID ALLARD** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9. **DAVID ALLARD** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay all of the contributions for the period from September, 2007 through the present., in an amount not presently precisely ascertainable but known to be at least the amount of $45,000.00.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **DAVID ALLARD** is required to pay liquidated damages, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **DAVID ALLARD.**

13. **DAVID ALLARD** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

14. Pursuant to 29 U.S.C. Section 1132(g)(2)©), Plaintiffs are entitled to an amount equal to the greater of:

   (I)    interest on the unpaid contributions; or

   (ii)   liquidated damages provided for under the Trust Agreements
          not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.     That **DAVID ALLARD**, individually and d/b/a **DAVID ALLARD PAINTING COMPANY**, and **DAVID ALLARD PAINTING COMPANY** be ordered to produce contributions and reports for the period from **September, 2007 through the present;**

B.     That judgment be entered in favor of Plaintiffs and against **DAVID ALLARD, Individually and d/b/a DAVID ALLARD PAINTING COMPANY and DAVID ALLARD PAINTING COMPANY** for the amount shown to be due on those reports;

C..    That **DAVID ALLARD, individually and d/b/a DAVID ALLARD PAINTING COMPANY and DAVID ALLARD PAINTING COMPANY** be ordered to produce all books and records for a fringe benefit fund contribution compliance audit for the period from June 1, 2006 through the present;

D.     That judgment be entered in favor of Plaintiffs and against **DAVID ALLLARD, individually and d/b/a DAVID ALLARD PAINTING COMPANY and DAVID ALLARD PAINTING COMPANY** for all amounts shown to be due on the audit;

E.     That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g); and

F.     That this Court grant such other and further relief as may be appropriate under the circumstances.

## COUNT II

### Jurisdiction and Venue

1 (a)   Plaintiffs reallege paragraph 1 of Count I as and for paragraph 1 (a) of this Count II.

1(b)   Jurisdiction is also founded on this Court's supplemental jurisdiction, as the claim arises out of a common nucleus of operative fact.

2   Plaintiffs reallege paragraph 2 of Count I as and for paragraph 2 of this Count II.

### The Parties

3-6.   Plaintiffs reallege paragraphs 3 through 6 of Count I as and for paragraphs 3 through 6 of this Count II.

### The Agreements

7-8.   Plaintiffs reallege paragraphs 7 through 8 of Count I as and for paragraphs 7 through 8 of this Count II.

### The Claim

9.   Defendant **DAVID ALLARD, individually and d/b/a DAVID ALLARD PAINTING COMPANY** and **DAVID ALLARD PAINTING COMPANY** was delinquent to the Funds and owed the amount of $84,287.98 for contributions, liquidated damages, and other costs arising under the applicable provisions of ERISA.

10.   On or about November 15, 2006, **DAVID ALLLARD, individually and d/b/a DAVID ALLARD PAINTING COMPANY and DAVID ALLARD PAINTING COMPANY** reduced the amount owed under ERISA to an amount certain contained in a promissory note, a copy of which is attached as Exhibit "2."

11. As a term and condition of the note, the makers of the note were required to timely pay their monthly fringe benefit fund contributions as they became due. In the event that **DAVID ALLARD** and **DAVID ALLARD PAINTING COMPANY** failed to timely pay monthly fringe benefits, the note goes into default, and the total amount becomes immediately due and owing. **$49,031.46** is due on the note.

12. **DAVID ALLARD, individually and d/b/a DAVID ALLARD PAINTING COMPANY and DAVID ALLARD PAINTING COMPANY** has failed to pay the fringe benefit contributions which were owed for the work months of September, 2007 through the present.

13. The note is in default, and as a result, **DAVID ALLARD** is personally liable for the amount of **$49,031.46**.

### Relief Sought

**WHEREFORE,** Plaintiffs pray for the following relief:

A. That final judgment be entered in favor of Plaintiffs and against the defendant **DAVID ALLARD** in the amount of **$49,031.46** and

B. That Plaintiffs be awarded their reasonable attorneys' fees, as provided by the terms of the Note; and

      C.      That this Court grant such other and further relief as may be appropriate under the circumstances.

                                           Respectfully submitted,

                                           TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND et al,

                              By:     S/James R. Anderson
                                           One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

8

EXHIBIT 1

Case 1:08-cv-01504  Document 1  Filed 03/13/2008  Page 9 of 13

EXHIBIT 1

P.D. #14 MEMORANDUM OF AGREEMENT PAINTING

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and _David Allard Painting Co_, referred to as "the Employer", Witnesseth That:

Whereas, the PAINTING AND DECORATING CONTRACTORS' ASSOCIATION, (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and ter and conditions of employment for the period of June 1, 1997 to May 31, 2004

WHEREAS, the parties to this agreement wish to promote continued employment the Industry, prevent interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area o which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Painting employees, has been authorize to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditio of the Collective Bargaining Agreement between the Union and the Association as applicable to him which expired at 12:00 midnight, May 31, 1997, and here reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are n inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all a all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association June 1, 1997, to May 31, 2004, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2000 thru May 31, 2001

| | | | |
|---|---|---|---|
| Wages: | $27.50 | Industry Advancement | .05 1/2 |
| Welfare: | 3.95 | J.A.T.C. | .24 |
| Pension: | 4.00 | LMCF | .05 |
| Savings: | .50 | SCHOLARSHIP FUND | .03 |
| Joint Co-Operation | .01 | IBPAT/JATF | .05 |

5. This Agreement shall become effective at 12:00 A.M., June 1, 1997, and shall remain in full force and effect until 12:00 P.M., May 31, 2004, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto of the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement bet and can only be amended in writing by their parties. No ot representations shall be binding on either party nor shall such oral statements that vary their terms of the



EXHIBIT

7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _6_ day of _September_, 200_2_.

EMPLOYER:

FIRM: _David Alvaro Painting Co._
(PRINT)

ADDRESS: _2413 Essington Road, Joliet, IL 60431_

SIGNATURE & TITLE _David D. Alvaro_
(PRINT)

SIGNATURE _David D. Alvaro_

Gerald C. Harms
Business Manager/Secretary-Treasurer
P.D.C. #14

G.T

EXHIBIT 2

## INSTALLMENT NOTE

($96,455.88)                                                November 15, 2006

For Value Received, the undersigned promises to pay to the order of __Chicago Painters and Decorators Fringe Benefit Funds__ the principal sum of __Eighty Four Thousand Two Hundred Eighty Seven and 98/100 ($84,287.98)__ Dollars, payable in installments as follows:

__Nine Thousand Dollars and 00/100 ($9,000.00)__ on or before the 15th day of __November, 2006;__ __Two Thousand Four Hundred Twenty Nine and 33/100 Dollars__ ($2,429.33) on the 15th day of each month beginning on the 15th day of __December, 2006; and on the 15th of each month for 34 month__ succeeding; and a final payment of __Two Thousand Four Hundred Twenty Nine and 33/100 ($2,429.33)__ on the 15th day of _, 2009,_ with interest on the balance of principal remaining from time to time unpaid at the rate of 10% per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 18% per annum. Payments of both principal and interest shall be delivered to Arnold and Kadjan, 19 West Jackson Boulevard, Suite 300, Chicago, Illinois 60604 or such other place as the legal holder hereof may from time to time in writing appoint.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof. **Any failure to pay current fringe benefits as they become due shall constitute a default of this Note.** In the event of default, the payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest.

The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For: Audits 2003 through May, 2006, including liquidated damages

_____        _____
DAVID ALLARD PAINTING COMPANY.            David Allard, Individually
by David Allard, president
5050-1996, 2413 Essington Rd., Joliet, IL 60435 (847)812-8898; 439-1091